RULEY, JUDGE:
On October 16, 1980, at about 7:00 a.m., the claimant, James Scott Sadler, was driving his 1978 Toyota automobile east on *17 Route 25 near Institute in Kanawha County. The weather was clear and dry. It was not yet daylight, and Mr. Sadler had bis headlights on low beam. His speed was approximately 40 mph.
Eastward toward Institute from Nitro, Route 25 changes from a two-lane to a four-lane highway at a point jupt before it intersects Goff Mountain Road. A concrete median approximately six inches high and twenty inches wide separates the two eastbound and two westbound traffic lanes. As the claimant entered the four-lane divided highway, he collided with the median, causing damages to his car of $744.30. He claimed that negligence on the part of the respondent was the cause of this accident, citing the following facts:
a) the section of two-lane highway leading into the four-lane, plus part of the four-lane itself, had recently been repaved, and no dividing lines had been painted on the new pavement;
b) there were no signs or other devices to warn motorists of the elevated median;
c) the median itself was not painted and had no reflecting devices on it;
d) an eastbound vehicle maintaining a straight course from the two-lane section would collide with the elevated median.
The respondent asserted that the claimant’s own negligence was the proximate cause of the accident, and there does seem to be some justification for this argument. Mr. Sadler testified that he had travelled that portion of the road before, although not recently. He also stated that, when the accident happened, traffic was proceeding in both directions on the road, and he had observed cars ahead of him bear to the right upon entering the four-lane section. However, he had maintained his position because he had intended to turn left at the intersection of Goff Mountain Road.
In view of all of the evidence, the Court is constrained to conclude that the respondent was guilty of negligence which *18 was a proximate cause of the accident and the claimant’s resulting damages. In addition, the claimant himself was guilty of negligence which was a proximate contributing cause of the accident and his resulting damages; therefore, the Court allocates the negligence 80% to the respondent and 20% to the claimant. Accordingly, an award of $595.44 should be, and is hereby, made.
Award of $595.44.